**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH PINCKNEY, | : | |
| *Plaintiff*, | : | Case No. 1:25-cv-714 |
| vs. | : | Judge Jeffery P. Hopkins |
| R. KEENY, *et al.*, | : | |
| *Defendants*. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on July 7, 2026. Doc. 24. In the Report and Recommendation, Magistrate Judge Litkovitz recommends that this Court grant in part and deny in part the Motion to Dismiss, Doc. 11, (the "Motion") filed under Rule 12(b)(6) by Defendants R. Keeney and N. Spradlin. Specifically, the Magistrate Judge recommends that the Motion be granted as to Plaintiff Joseph Pinckney's official-capacity claims for monetary damages and denied in all other respects. Doc. 24. Defendants have filed objections, *see* Doc. 26, and Plaintiff has responded to those objections, *see* Doc. 28. For the reasons explained below, Defendants' objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ADOPTED**.

## I. BACKGROUND

Plaintiff Joseph Pinckney ("Plaintiff"), proceeding pro se, is an inmate at the Southern Ohio Correctional Facility. Compl., Doc. 5, PageID 24. He brings this action under 42 U.S.C. § 1983 against Southern Ohio Correctional Facility correctional officers R. Keeney

("Keeney") and N. Spradlin ("Spradlin") (collectively, "Defendants") in both their official and individual capacities. *Id.* In his Complaint, Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights when Spradlin and Keeney used excessive force against him on August 15, 2025, and inflicted serious harm on him while he was restrained and compliant. *Id.* at PageID 27–28. Specifically, Plaintiff alleges that Spradlin sprayed him in the face with an "overwhelming" amount of oleoresin capsicum ("OC spray") and that Keeney forcefully bent his wrists to the point "the handcuffs lacerated his skin." *Id.* at PageID 24–26. In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss seeking dismissal of all claims under Rule 12(b)(6). Doc. 11. Following a thorough recitation of Plaintiff's factual allegations and analysis based on applicable law, the Magistrate Judge has recommended that Defendants' Motion be granted as to Plaintiff's official-capacity damages claims but denied as to Plaintiff's Eighth Amendment claims for excessive force. Doc. 24. Defendants have filed objections, to which Plaintiff has responded. Docs. 26, 28.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## III. LAW AND ANALYSIS

The Magistrate Judge recommends that Defendants' Motion be granted as to Plaintiff's request for an award of damages for alleged injuries caused in Defendants' official-capacity but denied as to Plaintiff's Eighth Amendment claims for alleged use of excessive

force. Defendants object to the Report and Recommendation for three reasons: (1) the Magistrate Judge erred in finding that Plaintiff plausibly stated an Eighth Amendment excessive force claim against Spradlin, (2) the Magistrate Judge erred in finding that Spradlin is not entitled to qualified immunity at this stage, and (3) the Magistrate Judge erred in declining to dismiss Plaintiff's claims against Keeney for failure to exhaust. Doc. 26. Plaintiff asks the Court to overrule Defendants' objections. Doc. 28.

**A. Plaintiff's Official Capacity Claims**

As a preliminary matter, Magistrate Judge Litkovitz recommends dismissal of Plaintiff's claims for monetary damages against Defendants in their official capacities. Doc. 24, PageID 147. Neither Plaintiff nor Defendants object to that recommendation. *See* Doc. 26. Having carefully reviewed this portion of the Report and Recommendation and finding no clear error, the Court adopts it.

**B. Plaintiff's Excessive Force Claim Against Spradlin**

Defendants object to the Magistrate Judge's conclusion that Plaintiff has plausibly alleged an Eighth Amendment excessive-force claim against Defendant Spradlin based on Spradlin's use of OC spray. Doc. 26, PageID 175–79. Defendants contend that Plaintiff has not alleged facts showing either that Spradlin acted maliciously and sadistically or that Plaintiff suffered an objectively serious injury. *Id.* The Court disagrees.

The Eighth Amendment prohibits the "'unnecessary and wanton infliction of pain'" upon a convicted prisoner. *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). In the excessive-force context, the "core judicial inquiry" is whether the force was applied "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). This

inquiry has both subjective and objective components. The subjective component examines the officer's state of mind, *i.e.*, whether he acted maliciously and sadistically to cause harm, while the objective component considers whether the pain inflicted was sufficiently serious. *Johnson v. Sootsman*, 79 F.4th 608, 615–16 (6th Cir. 2023); *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). In considering the officer's intent, courts examine the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the officer, efforts made to temper the forceful response, and the extent of the injury. *Hudson*, 503 U.S. at 7; *Johnson*, 79 F.4th at 618.

Defendants' argument relies on their characterization of the incident as an active inmate-on-inmate fight that required Spradlin to deploy OC spray to regain control and restore order. Doc. 26, PageID 178–79. At this stage, however, the Court must accept Plaintiff's well-pleaded allegations as true and draw reasonable inferences in his favor. *Iqbal*, 556 U.S. at 678. Plaintiff alleges that another incarcerated person assaulted him; that he briefly raised his hands only to protect himself; that he immediately placed his hands at his sides to show he was not the aggressor and did not intend to fight; and that he attempted to move away from the altercation. Compl., Doc. 5, PageID 24. Plaintiff further alleges that he heard someone yell "hey," prompting him to turn around, and Spradlin then sprayed him directly in the face with OC spray. *Id.* Therefore, these allegations plausibly support an inference that the force was unnecessary, disproportionate to any threat then perceived, and used for the purpose of causing harm rather than restoring order. *See Hudson*, 503 U.S. at 6–7; *Whitley*, 475 U.S. at 321.

Defendants may ultimately be able to prove at a later stage in these proceedings, through video footage, officer and inmate testimony, incident reports, or other admissible

evidence, that Plaintiff remained an active combatant, appeared to pose a continuing threat, disobeyed commands, or otherwise created a legitimate need for chemical force. Those matters bear directly on the factors presented in *Hudson* and may support summary judgment after the factual record has developed. *Hudson*, 503 U.S. at 6–7. But the Court may not resolve that factual dispute or credit Defendants' account over Plaintiff's well-pleaded allegations on a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678.

Defendants' injury argument likewise does not warrant dismissal. The extent of injury is relevant to the Eighth Amendment analysis, *Hudson*, 503 U.S. at 7, but a prisoner alleging excessive force need not demonstrate a significant injury if he plausibly alleges force maliciously and sadistically applied to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (per curiam); *Cordell*, 759 F.3d at 581. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated" even if significant injury is not evident. *Hudson*, 503 U.S. at 9. The Sixth Circuit has recently reiterated that, in the excessive-force context, an inmate subjected to gratuitous force need not show serious injury merely because he "has the good fortune" to avoid such injury. *McNair v. Pratt*, No. 24-1362, 2025 U.S. App. LEXIS 23014, at *24 (6th Cir. Sept. 3, 2025). Accordingly, accepting the Complaint's well-pleaded factual allegations as true, and drawing reasonable inferences in his favor as we must at this stage, the Magistrate Judge did not err in finding that Plaintiff plausibly alleges that Spradlin deployed OC spray not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm.

**C. Qualified Immunity**

Defendants also contend that the Magistrate Judge erred in finding that Spradlin is not entitled to qualified immunity. At this early stage in the litigation, the Court disagrees.

Qualified immunity protects government officials from civil damages liability unless the plaintiff plausibly alleges that the official violated a constitutional right that was clearly established at the time of the challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).

As discussed above, Plaintiff plausibly alleges that Spradlin violated the Eighth Amendment. The Eighth Amendment prohibits prison officials from applying force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 6–7; *Whitley*, 475 U.S. at 320–21. Under Plaintiff's alleged facts, a reasonable correctional officer would have understood that deploying OC spray against a prisoner who had stopped defending himself, placed his hands at his sides, and was attempting to disengage from an altercation—rather than fighting, resisting, or presenting an immediate threat—was not a good-faith means of maintaining or restoring discipline and could violate the Eighth Amendment.

Defendants' contrary account—that Spradlin reasonably perceived Plaintiff as an active participant in an ongoing physical altercation and deployed OC spray to restore order—depends on factual inferences that contradict the Complaint's allegations. At this stage, the Court must accept Plaintiff's well-pleaded allegations as true and may not resolve competing factual accounts, assess the credibility of the parties' versions of events, or determine whether Spradlin in fact perceived a continuing threat. *Iqbal*, 556 U.S. at 678. The Court therefore cannot conclude that the Magistrate Judge erred in finding Spradlin is not entitled to qualified immunity.

### D. Exhaustion of Administrative Remedies as to Defendant Keeney

Finally, Defendants object to the Magistrate Judge's recommendation that the Court deny Defendant Keeney's request to dismiss Plaintiff's excessive-force claim for failure to exhaust available administrative remedies under the Prison Litigation Reform Act ("PLRA"). Doc. 26, PageID 169–75. Defendants contend that Plaintiff filed only an informal complaint concerning Keeney's alleged use of force and did not proceed through the remaining steps of the Ohio Department of Rehabilitation and Correction's grievance procedure. *Id.*

However, as the Magistrate Judge notes, Keeney did not raise non-exhaustion in Defendants' opening Motion to Dismiss. Doc. 24, PageID 150; Doc. 11. Defendants first advanced this defense in their *reply* memorandum. *See* Doc. 20, PageID 131–32. A reply memorandum is ordinarily not the proper vehicle for a new dispositive argument because it deprives the opposing party of an opportunity to respond. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("It is well established that 'arguments made to [the court] for the first time in a reply brief are waived'"); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Though Defendants suggest that Plaintiff opened the door by raising the issue in his response to their Motion, Plaintiff only alluded to the issue of exhaustion and did not substantively develop any argument in this regard. So, when Defendants raised exhaustion on reply, Plaintiff was deprived of an opportunity to respond. Thus, the Magistrate Judge did not err in recommending that Defendants' Motion be denied on the basis of exhaustion.

## IV. CONCLUSION

For the foregoing reasons, Defendants' objections to the Magistrate Judge's Report and Recommendation (Doc. 26) are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 24) in its entirety. Accordingly, Defendants'

Motion to Dismiss (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for monetary damages against Defendants Keeney and Spradlin in their official capacities are **DISMISSED**. Plaintiff's individual-capacity Eighth Amendment excessive-force claims against Defendants Keeney and Spradlin remain pending.

**IT IS SO ORDERED.**

September 10, 2026

Jeffery P. Hopkins
United States District Judge